**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HOWARD COHAN,

    Plaintiff,

v.                                              Case No: 8:15-cv-2173-T-30MAP

EBB TIDE MOTEL.COM INC.,

    Defendant.

## ORDER

THIS CAUSE is before the Court on Plaintiff's Rule 41 Motion for Voluntary Dismissal Without Prejudice (Dkt. 14). *See* Fed. R. Civ. Proc. 41(a)(2). Defendant agrees that dismissal is appropriate, but argues that Plaintiff filed this action in bad faith and that accordingly, the Court should exercise its discretion and place conditions on Plaintiff's voluntary dismissal (Dkt. 16). Specifically, Defendant asks that the dismissal be with prejudice and that Plaintiff pay Defendant's costs and attorney's fees incurred to date.

Plaintiff claims that Defendant's design and operation of its motel violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (amended 2008). (Dkt. 1, p. 5). More specifically, the complaint alleges that Plaintiff, purporting to be a handicapped patron, attempted to visit the motel and was impeded by the motel's ADA-noncompliant design and operation. It further alleges that, because of this non-compliance, Plaintiff could not enjoy the motel and would not be able to enjoy it in the future despite his interest in returning to it.

Defendant argues that Plaintiff has filed approximately 1,000 similar cases in Florida and that, by necessary implication, Plaintiff must have made knowingly false allegations in his bad faith complaint—namely, his having visited the motel and his desire to return. As support for this argument, Defendant notes that it sent Plaintiff interrogatories in a related case concerning these very allegations, and Plaintiff's motion quickly followed—in that case and here.

The Court has reviewed these arguments and the applicable law and concludes that conditions should be placed on Plaintiff's motion to dismiss. Defendant's request for costs and attorney's fees, however, should not be one of them. This request is, at its core, one for sanctions for having filed a bad faith complaint. While such a motion is available to Defendant, Rule 11 of the Federal Rules of Civil Procedure imposes specific requirements on that kind of motion, requirements that were not satisfied here. *See* Fed. R. Civ. P. 11; *see generally Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990) (reasoning that a litigant should not be permitted to "purge his violation of Rule 11 merely by taking a dismissal" and concluding that, as a collateral issue, contempt may be imposed by district court "even after that action in which the contempt arose has been terminated"). Absent an independent basis like this one in Rule 11, "in a voluntarily dismissed lawsuit with prejudice under Rule 41(a)(2), attorney's fees [are] almost never [] awarded." *Murdock v. Prudential Ins. Co. of Am.*, 154 F.R.D. 271, 273 (M.D. Fla. 1994) (reasoning that dismissal with prejudice frees a defendant from having to re-litigate).

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Dismiss Without Prejudice (Dkt. 14) is DENIED.

2. Plaintiff may re-file a motion under Rule 41(a)(2) and that motion will be granted, PROVIDED that the motion seeks dismissal with prejudice, with the parties bearing their own costs and attorney's fees.

3. An A.D.A. Status Conference remains set in this case for Thursday, April 7, 2016, at 9:45 a.m. before the undersigned pursuant to the Notice of Hearing issued on November 16, 2015, at Dkt. 9.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of March, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record